# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
VERONICA SEDA,

                                Plaintiff,

-against-

SUNBEAM PRODUCTS, INC.
and NEWELL BRANDS, INC.,

                                Defendants.
---------------------------------------------------------------X

Index No.:
Date Purchased:

Plaintiff designates
Bronx County as the
place of trial

The basis of venue:
Plaintiff's Residence

**SUMMONS**

To the above named Defendant(s):

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York
           July 1, 2022

                                                         Yours etc.,

                                                         DIDI HUTT, ESQ.
                                                         HUTT LAW, PC
                                                         Attorney for Plaintiff
                                                         305 Broadway, 7th Floor
                                                         New York, New York 10007
                                                         (212) 323-7443

TO:    SUNBEAM PRODUCTS, INC.
          c/o Secretary of State

          NEWELL BRANDS, INC.
          c/o Secretary of State

                    **** Please submit these papers to your insurance carrier ****

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
VERONICA SEDA,

                              Plaintiff,

-against-

SUNBEAM PRODUCTS, INC.
and NEWELL BRANDS, INC.,

                              Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index No.:

Plaintiff demands Trial by Jury

    Plaintiff, VERONICA SEDA, by her attorneys, the HUTT LAW, P.C., complaining of the defendants, above-named, upon information and belief, respectfully allege as follows:

## THE PARTIES

1. At all times hereinafter mentioned, the plaintiff, VERONICA SEDA, was and still is a resident of the County of Bronx and State of New York.

2. At all times hereinafter mentioned, the defendant, SUNBEAM PRODUCTS, INC., was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign jurisdiction.

3. At all times hereinafter mentioned, the defendant, SUNBEAM PRODUCTS, INC., was authorized to transact business within the State of New York.

4. At all times hereinafter mentioned, the defendant, SUNBEAM PRODUCTS, INC., (hereinafter "Sunbeam") was actually transacting business within the State of New York.

5. At all times hereinafter mentioned, the defendant, NEWELL BRANDS, INC.., was and still is a foreign corporation duly organized and existing under and by virtue of the laws of a foreign jurisdiction.

6. At all times hereinafter mentioned, the defendant, NEWELL BRANDS, INC.., was authorized to transact business within the State of New York

7. At all times hereinafter mentioned, the defendant, NEWELL BRANDS, INC.., (hereinafter "Newell") was actually transacting business within the State of New York.

8. SUNBEAM designed, manufactured, marketed, distributed and sold the Electric Heating Blanket throughout the United States, including the State of New York.

9. NEWELL designed, manufactured, marketed, distributed and sold the Electric Heating Blanket throughout the United States, including the State of New York.

10. Defendants designed and re-designed the Electric Heating Blanket and prepared the product labels and owner's guides related to the design modifications and safety warnings for the Electric Heating Blanket.

11. Sunbeam and Newell designed, manufactured, marketed, distributed and sold the Electric Heating Blanket to consumers with known, serious and dangerous design defects.

12. Despite having actual knowledge of the serious and dangerous design defects within the Electric Heating Blanket, Sunbeam and Newell took no substantial action and continued to market and sell the Electric Heating Blanket to unsuspecting consumers, including plaintiff, with actual knowledge of the harm posed to consumers.

13. As a direct and proximate result of the dangerously defective Electric Heating Blanket, plaintiff sustained severely painful and permanently disfiguring burns to her

body, incurred medical expenses, and pain and suffering and will continue to incur medical expenses and experience pain and suffering into the future.

14. That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, VERONICA SEDA
(DEFECTIVE DESIGN)**

15. The plaintiff, VERONICA SEDA, respectfully repeats, reiterates and realleges each and every paragraph numbered "1" through "14", inclusive, with the same force and effect as if more fully set forth at length herein.

16. At all times relevant herein, Sunbeam and Newell were in the business of designing, manufacturing, marketing and selling the Electric Heating Blanket to consumers such as Plaintiff.

17. As designers, manufacturers and sellers of the Electric Heating Blanket, Sunbeam and Newell are liable to Plaintiff for her injuries and damages under New York law for the design, manufacture, distribution, and sale of a defective product.

18. As designed and manufactured, the Electric Heating Blanket was in a defective condition because at the time it was manufactured and sold or otherwise distributed by Sunbeam and Newell as it was in a condition (a) not contemplated by reasonable persons among those considered expected users or consumers of the Electric Heating Blanket; and (b) it

was unreasonably dangerous to the expected user or consumer when used in reasonably expectable way of handling or consumption.

19. As labeled, the Electric Heating Blanket was defective because Sunbeam and Newell failed to properly package the Electric Heating Blanket to give reasonable warnings of danger about the product and Sunbeam and Newell failed to give reasonably complete instructions on the proper use of the Electric Heating Blanket when Sunbeam and Newell by exercising diligence, could have made such warnings or instructions available to Plaintiff.

20. The subject Electric Heating Blanket was not reasonably safe.

21. Sunbeam and Newell, as a manufacturer, has a duty to design and/or manufacture the Electric Heating Blanket so as to avoid unreasonable risk of harm to anyone who is likely to be exposed to danger when it is being used for an intended and/or unintended but foreseeable use.

22. A reasonable manufacturer or distributor who knew of the potential for the Electric Heating Blanket to catch fire and cause injuries and which was aware of feasible alternative designs should have concluded that it should not have been marketed and/or distributed in that condition.

23. The risk of injury due to a defective and/or improper design of the Electric Heating Blanket had the potential to cause severe injuries which outweighs the usefulness of the Electric Heating Blanket.

24. Safer design alternatives that are just as functional and reasonably priced are available.

25. A manufacturer could easily spread any cost related to improving the Electric Heating Blanket because it holds a large share of the Electric Heating Blanket market.

26. Sunbeam and Newell are strictly liable to Plaintiff for any design defect which permitted the Electric Heating Blanket to be designed, manufactured, distributed or sold in a defective condition.

27. As a direct and proximate result of the defective condition of the Electric Heating Blanket, Plaintiff sustained traumatic and catastrophic damages in an amount in excess of the jurisdictional limits of all lower courts in which would otherwise have jurisdiction over this action.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, VERONICA SEDA
(NEGLIGENCE)**

28. The plaintiff, VERONICA SEDA, respectfully repeats, reiterates and realleges each and every paragraph numbered "1" through "27", inclusive, with the same force and effect as if more fully set forth at length herein.

29. On or before December 25, 2020, Defendant Sunbeam owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, assembly, inspection, promotion, distribution and sale of the Product.

30. On or before December 25, 2020, Defendant Sunbeam breached its duty to Plaintiff by failing to exercise reasonable care in the design, manufacture, assembly, inspection, promotion, distribution and sale of the Product, which was defective.

31. On or before December 25, 2020, Defendant Sunbeam was careless, reckless and negligent in that it sold the defective Product to Plaintiff, which malfunctioned

while being used by Plaintiff as intended.

32. On or before December 25, 2020, the said malfunction of the Product occurred solely through, and by reason of, the carelessness, recklessness and negligence of Defendant Sunbeam in its design, manufacture, assembly, inspection, promotion, distribution and sale of the Product.

33. On December 25, 2020, as a direct and proximate result of Defendant Sunbeam's negligent actions, Plaintiff sustained serious injuries, including, but not limited to, burns to her body.

34. On December 25, 2020, at the time she sustained her injury, Plaintiff was using the Product for the purpose and in the manner normally intended.

35. On December 25, 2020, Plaintiff exercised reasonable care in the use of the Product and could not have reasonably averted her injuries.

36. On December 25, 2020, as a direct and proximate result of Defendant Sunbeam's negligence, Plaintiff suffered conscious pain and suffering in the past that continues into the present, including, but not limited to, burns to her body.

37. On December 25, 2020, as a direct and proximate result of Defendant Sunbeam's negligence, Plaintiff has incurred unnecessary medical expenses in the past and will continue to incur unnecessary medical expenses, including, but not limited to potential surgical procedures to correct the burn.

38. On December 25, 2020, as a direct and proximate result of Defendant Sunbeam's negligence, Plaintiff seeks monetary damages and recovery for her pain and suffering, extreme emotional distress, mental anguish, serious bodily injury and medical expenses, in an amount which is in excess of the jurisdictional limits of all lower courts and in an amount to be determined at trial together with the costs and

disbursements of this action, and with such other and further relief as the Court may deem just and proper.

39. On or before December 25, 2020, the Electric Heating Blanket was marketed for use by Sunbeam and Newell.

40. On or before December 25, 2020, Sunbeam and Newell knew or should have known that the Electric Heating Blanket was defective.

41. On or before December 25, 2020, the Electric Heating Blanket was designed with a defect and was unsafe in that it was manufactured and/or constructed defectively.

42. On or before December 25, 2020, Sunbeam and Newell breached their duty to sell a reasonably safe Electric Heating Blanket.

43. On or before December 25, 2020, The Electric Heating Blanket was negligently designed and manufactured.

44. The aforesaid injuries sustained by plaintiff were caused by the negligence and carelessness of Sunbeam and Newell in the design, manufacture, marketing, repair, inspection distribution and sale of the Electric Heating Blanket.

45. By reason of the foregoing plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

**AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, VERONICA SEDA
(BREACH OF IMPLIED WARRANTY)**

46. The plaintiff, VERONICA SEDA, respectfully repeats, reiterates and realleges each and every paragraph numbered "1" through "45", inclusive, with the same force and effect as if more fully set forth at length herein

47. On or before December 25, 2020, Sunbeam and Newell impliedly warranted that the Electric Heating Blanket was reasonably fit for its ordinary purpose and use.

48. On or before December 25, 2020, the Electric Heating Blanket was unfit for its ordinary purpose at the time it left the possession of the manufacture.

49. On or before December 25, 2020, Sunbeam and Newell breached their implied warranties in marketing and distributing an Electric Heating Blanket which was hazardous and dangerous to consumers and/or purchasers and which led directly to plaintiff's injuries.

50. By reason of the foregoing plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought,

## AS AND FOR A FORTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, VERONICA SEDA (FAILURE TO WARN)

51. The plaintiff, VERONICA SEDA, respectfully repeats, reiterates and realleges each and every paragraph numbered "1" through "50", inclusive, with the same force and effect as if more fully set forth at length herein

52. On or before December 25, 2020, Sunbeam and Newell failed to warn consumers of the latent danger that their Electric Heating Blanket presented.

53. On or before December 25, 2020, Sunbeam and Newell were under a duty to ascertain the potential dangers of the Electric Heating Blanket to a consumer and/or purchaser.

54. On or before December 25, 2020, Sunbeam and Newell knew or should have known that the Electric Heating Blanket would be used by a consumer and/or

purchaser under circumstances where there was the possibility that it could catch fire.

55. On or before December 25, 2020, Sunbeam and Newell are presumed to have knowledge of their product superior to that of consumers.

56. On or before December 25, 2020, Sunbeam and Newell were required to remain abreast of developments in the state of the art, through research, accident or other reports, scientific literature, and other available methods regarding the safety of Electric Heating Blankets.

57. On or before December 25, 2020, Sunbeam and Newell were under a continuing duty to remedy defects in their Electric Heating Blankets and to warn consumers of their attendant dangers.

58. Sunbeam and Newell failed to warn consumers, including the plaintiff, as the purchaser of Electric Heating Blanket of the danger posed by the risk of fire after the danger came to, or should have come to Sunbeam and Newell's attention.

59. The warnings were not commensurate with the risk of injury to a user of the Electric Heating Blanket.

60. If Sunbeam and Newell had provided adequate warnings, plaintiffs injuries would have been averted.

61. By reason of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF, VERONICA SEDA
## (STRICT LIABILITY FOR MANUFACTURING DEFECT)

62. The plaintiff, VERONICA SEDA, respectfully repeats, reiterates and realleges each and every paragraph numbered "1" through "61", inclusive, with the same force and effect as if more fully set forth at length herein.

63. On or before December 25, 2020, the subject Electric Heating Blanket was defectively manufactured.

64. A reasonable person who knew of the Electric Heating Blanket's potential to catch fire would not have marketed and/or distributed one in that condition.

65. Sunbeam and Newell as manufacturers and distributors of a product such as the subject Electric Heating Blanket are strictly liable for any product defects.

66. By reason of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

**WHEREFORE,** plaintiff demands judgment against Sunbeam and Newell on each of the First, Second, Third, Fourth and Fifth Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought together with costs and disbursements of this action and such other relief as the Court may deem just and proper. Plaintiff also claims punitive damages for the willful and wanton conduct of the defendants in designing, manufacturing, distributing and selling a dangerous product, having knowledge that it had the potential for serious and severe personal injuries.

Dated:  New York, New York
        July 1, 2022

Yours etc.,

*Didi Hutt*

DIDI HUTT, ESQ.
HUTT LAW, PC
Attorney for Plaintiff
305 Broadway, 7th Floor
New York, New York 10007
(212) 323-7443

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state:

I am the attorney of record for the plaintiff in the within action; I have read the foregoing **COMPLAINT** and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by the plaintiff is that the plaintiff resides outside the county wherein I maintain office.

The grounds of my belief as to all matters no stated upon my own knowledge are as follows: information gathered in my file.

Dated:     New York, New York
           July 1, 2022

                                          _____
                                          DIDI HUTT, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
VERONICA SEDA,

                              Plaintiff,

                 Index No.:

          -against-

SUNBEAM PRODUCTS, INC.
and NEWELL BRANDS, INC.,

                             Defendants.
-------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

HUTT LAW, PC
Attorneys for Plaintiff
305 Broadway, 7th Floor
New York, New York 10007
(212) 323-7443